IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HILTON KARRIEM MINCY,** : | CIVIL ACTION NO. 1:07-CV-0340 |
| : | |
| **Plaintiff** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **EDWARD KLEM**, et al., : | |
| : | |
| **Defendants** : | |

### ORDER

On February 22, 2007, plaintiff Hilton Karriem Mincy ("Mincy"), an inmate presently incarcerated at the State Correctional Institution at Albion, Albion, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff has paid the filing fee. (Doc. 1-8, p. 40). Screening of the complaint pursuant to 28 U.S.C. § 1915A has revealed numerous procedural deficiencies which preclude service of the complaint in its present form. "All pleadings shall be so construed as to do substantial justice." FED. R. CIV. P. 8(f). Allowing the pleading to proceed as filed is not in the interest of judicial economy. Consequently, plaintiff will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rule of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.

Rule 8(e) states, in pertinent part, that "[e]ach averment of a pleading shall be simple, concise and direct." Rule 20, states, in pertinent part, the following:

> (A) Permissive Joinder. "All persons may . . . be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or

> arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given against . . . one or more of the defendants according to their respective abilities.

FED.R.CIV.P. 20(a). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* §1652 at 371-72 (1986). "Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974).

The complaint is 215 pages in length with 687 paragraphs of allegations. Mincy names seventy-seven defendants from at least four separate venues. Included are individuals employed by the Pennsylvania Department of Corrections, the State Correctional Institutions at Mahanoy and Albion, and by Schuylkill County. In addition, he asserts a whole host of completely unrelated claims such as retaliation, conspiracy, denial of due process, fabricated misconducts, interference

with mail, and verbal and physical abuse. The various claims did not arise out of the same transaction or occurrence or series of transactions or occurrences. Moreover, the claims do not involve an issue of law or fact common to all defendants.

Also, Mincy includes claims that have previously been adjudicated by this court in two separate civil actions. See Mincy v. Chmielewski, 1:05-CV-292, and Mincy v. Klem, 1:05-CV-1458. Any attempt to re-litigate these matters through the filing of a new action will not be tolerated.

While plaintiff will be granted an opportunity to file an amended complaint, he is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992). Further, plaintiff will be required to utilize the court's form complaint for such actions.

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA. Thus, to the extent that plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these

violations are unrelated to each other, plaintiff should file separate complaints addressing each violation.

**AND NOW**, to wit, this 20th day of March, 2007, it is hereby **ORDERED** that:

1. The Clerk of Court is directed to forward to plaintiff a civil rights form complaint.

2. Plaintiff shall file an amended complaint, utilizing the enclosed civil rights form, on or before April 2, 2007. No attachments to the form will be accepted by the Court.

3. The amended complaint shall contain the same caption and number that are already assigned to this action and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. See FED. R. CIV. P. 8(e).

4. Plaintiff is strictly cautioned that the inclusion of separate, unrelated claims will be considered a failure to comply with an order of Court and will result in dismissal of the complaint. See FED. R. CIV. P. 20.

5. Further, failure to file an amended complaint within the specified time period will result in dismissal of the action for failure to comply with an order of court.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge