IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HILTON KARRIEM MINCY,** : | **CIVIL ACTION NO. 1:07-CV-0340** |
| : | |
| Plaintiff : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **EDWARD KLEM, et al.,** : | |
| : | |
| Defendants : | |

## MEMORANDUM

On February 22, 2007, plaintiff Hilton Karriem Mincy, an inmate presently incarcerated at the State Correctional Institution at Albion, Albion, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). For the reasons set forth below, plaintiff's action will be dismissed pursuant to Federal Rules of Civil Procedure 41(b).

**I.     Background**

On March 20, 2007, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A.[1] Initial review revealed numerous procedural deficiencies which precluded service of the complaint. For instance, the complaint was 215 pages in length with 687 paragraphs of allegations. There were seventy-seven named defendants from at least four separate venues, including the Pennsylvania Department of Corrections, the State Correctional Institutions at Mahanoy and Albion, and Schuylkill County. In addition, the document contained a whole host of

---

[1] Plaintiff paid the filing fee.

completely unrelated claims such as retaliation, conspiracy, denial of due process, fabricated misconducts, interference with mail, and verbal and physical abuse. The various claims did not arise out of the same transaction or occurrence or series of transactions or occurrences. Nor did the claims involve an issue of law or fact common to all defendants. Moreover, Mincy included claims that were previously adjudicated by this court in two separate civil actions and which are currently on appeal. See Mincy v. Chmielewski, 1:05-CV-292, and Mincy v. Klem, 1:05-CV-1458. It was concluded that allowing the pleading to proceed as filed was not in the interest of judicial economy, see FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"), and plaintiff was directed to file an amended pleading which strictly adhered to the mandates of Federal Rule of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.[2] (Doc. 4). He was strictly cautioned that the inclusion of separate, unrelated claims would be considered a failure to comply with an order of court and

---

[2]Rule 8(e) states, in pertinent part, that "[e]ach averment of a pleading shall be simple, concise and direct." Rule 20, states, in pertinent part, the following:

> (A) Permissive Joinder. "All persons may . . . be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given against . . . one or more of the defendants according to their respective abilities.

FED. R. CIV. P. 20(a).

would result in dismissal of the complaint. See FED. R. CIV. P. 20.  It was also noted as follows:

> The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action.  Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA.  Thus, to the extent that plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, plaintiff should file separate complaints addressing each violation.

(Doc. 4, pp. 3-4).  He was directed to comply with the pleading standards set forth in the Federal Rules of Civil Procedure and to utilize the court's civil rights form complaint.  (Doc. 4, p. 4).

Plaintiff initially filed a motion for enlargement of time to comply with the order.  The motion was granted.  (Doc. 6).  He then filed an amended complaint that did not comply with the order of court in that it contained the same deficiencies as the original complaint.  (Doc. 10).  It was therefore stricken from the record and returned to plaintiff.  However, he was afforded another opportunity to comply with the order of court.  Seemingly in compliance with the court order, on April 30, 2007, he filed an amended complaint on the civil rights form provided by the court. However, he again alleged numerous unrelated claims involving seventy-five defendants from four different venues.  He also gave the court "notice" that he would be filing another amended complaint pursuant to FED. R. CIV. P. 15(a) because the court is obstructing him from presenting the "whole picture."  (Doc. 11,

p. 4). True to his word, on May 15, 2007, he filed a "proposed amendment complaint in accordance with Rule 15 of the FED. R. CIV. P" which contains more than 500 paragraphs of allegations, is 166 pages in length, and names more than seventy defendants from the Schuylkill County District Attorney's Office, Pennsylvania Department of Corrections Central Office, SCI-Albion and SCI-Mahanoy. (Doc. 14). He again asserts basically the same claims contained in the original complaint, and "all the same claims asserted in both Mincy vs. Chmielewski, 1:05-CV-292, and Mincy vs. Klem, 1:05-CV-1458 cases. . . ," which he attempts to link together under the umbrella of retaliation (Doc. 14, p. 4).

## II.   Discussion

A district court has the authority to dismiss a suit *sua sponte* for failure to comply with an order of court. FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 630-31(1962); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties. See Landon v. Hunt, 977 F.2d 829, 833 (3d Cir.1992). Ordinarily a district court is required to consider and balance the six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir.1984), when deciding, *sua sponte*, to use dismissal as a sanction. When a litigant's conduct makes adjudication of the case impossible, however, such balancing under Poulis is unnecessary. See Guyer, 907 F.2d at 1429-30; see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994). This is such a case. Mincy not only utterly failed to

comply with court orders, but, as is obvious from the above recitation, was afforded multiple chances to remedy the situation and never chose to properly do so. Accordingly, the action will be dismissed pursuant to Fed. R. Civ. P. 41(b).

**AND NOW**, this 30th day of May, 2007, it is hereby **ORDERED** that:

1. Plaintiff's complaint is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with an order of court.

2. The Clerk of Court is directed to CLOSE this case.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge